```
JACKSON LEWIS P.C.
NICKY JATANA (SBN 197682)
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone:    (213) 689-0404
Facsimile:    (213) 689-0430
Email: JatanaN@jacksonlewis.com

JACKSON LEWIS P.C.
SANDER VAN DER HEIDE (SBN 267618)
400 Capitol Mall, Suite 1600
Sacramento, California 95814
Telephone:    (916) 341-0404
Facsimile:    (916) 341-0141
Email:   sander.vdHeide@jacksonlewis.com

Attorneys for Defendant
NIDEC MOTOR CORPORATION
d/b/a Motion Control Engineering
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GURTHA POUNDS, on behalf of herself, and others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Action of 2004,<br><br>Plaintiff,<br><br>v.<br><br>NIDEC MOTOR COMPANY, an entity of unknown form; NIDEC MOTOR CORPORATION, a Delaware corporation; MOTION CONTROL ENGINEERING INC., a California Corporation; MOTION CONTROL ENGINEERING, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**DEFENDANT NIDEC MOTOR CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332(a) and 1446 CAFA JURISDICTION]**<br><br><br>Complaint Filed:    09.13.17<br>Trial Date:            None Set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant NIDEC MOTOR CORPORATION d/b/a Motion Control Engineering ("Defendant") hereby invokes this Court's jurisdiction pursuant to

1

28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1446, and 1453, and accordingly removes the above-entitled Action from the Superior Court of the State of California in and for the County of Sacramento (the "Superior Court").

## INTRODUCTION

1. On September 13, 2017, GURTHA POUNDS ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Sacramento captioned *GURTHA POUNDS, on behalf of herself, and others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Action of 2004 v. NIDEC MOTOR COMPANY, an entity of unknown form; NIDEC MOTOR CORPORATION, a Delaware corporation; MOTION CONTROL ENGINEERING INC., a California Corporation; MOTION CONTROL ENGINEERING, INC., a Delaware corporation; and DOES 1 through 50, inclusive,* Sacramento County (Cal.) Superior Court Case No. 34-2017-00219048 ("State Court Action"), which alleges: (1) Failure to Pay All Wages Earned (Lab. Code §§ 510, 1194, and 1198); (2) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198); (3) Failure to Provide Accurate Wage Statements (Lab. Code § 226); (4) Unfair Competition (Bus. & Prof. Code §§ 17200, et seq.); and (5) Civil Penalties pursuant to California Private Attorney General Act (Lab. Code §§ 2698, et seq.).

2. Defendant was served with Plaintiff's Summons and Complaint and related court documents via notice and acknowledgment of receipt executed on October 12, 2017. A copy of the Complaint is attached as **Exhibit A** to the Declaration of Sander van der Heide ("van der Heide Decl."). Copies of (a) the civil case cover sheet, (b) the summons, (c) civil document filing guidelines, (d) Alternative Dispute Resolution Information Packet, (e) Program Case Notice-Unlimited Civil Case, (f) Stipulation and Order to Mediation (blank), (g) Tentative Ruling Information, and (h) the notice and acknowledgment of receipt executed on November 1, 2017 are attached as **Exhibit B** to the Declaration of Sander van der Heide.

///

3. On November 9, 2017, Plaintiff filed a request for dismissal of certain defendants. On November 14, 2017, the Superior Court entered an Order granting Plaintiff's request for dismissal of certain defendants. Copies of the request and the order regarding Plaintiff's request for dismissal of certain defendants are attached as **Exhibit C** to the Declaration of Sander van der Heide.

4. On November 28, 2017, Plaintiff served Defendant with a First Amended Complaint. A copy of the First Amended Complaint is attached as **Exhibit D** to the Declaration of Sander van der Heide.

5. On November 30, 2017, Defendant filed and served its Answer in the State Court Action. A copy of the Defendant's Answer is attached as **Exhibit E** to the Declaration of Sander van der Heide.

## TIMELINESS OF REMOVAL

6. This Notice of Removal is filed within thirty (30) days from when Plaintiff served Defendant with her Summons and Complaint. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. section 1446(b).

7. In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Sacramento County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## DIVERSITY JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2) has been amended to provide, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

///

///

9. In addition, CAFA confers jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

10. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that, based on the allegations set forth in the Complaint by Plaintiffs, it is a civil action filed as a class action involving more than 100 members, the matter in controversy exceeds the sum of $5,000,000 (*see infra*), exclusive of interest and costs, and Plaintiffs are citizens of a state different from Defendant. Furthermore, the Defendant is not a State, State official, or other governmental entity. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from **any** defendant, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

11. Citizenship of the parties in this matter is determined by their citizenship status at the time of the lawsuit's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

12. Plaintiff is a citizen of California. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Here, Plaintiff admits she is a resident of Elk Grove, California in Sacramento County. van der Heide Decl., **Exhibit A**, ¶ 5; **Exhibit D**, ¶ 5. Defendant is informed and believes that Plaintiff at all relevant times was and is domiciled in California. Declaration of Margaret Kendrick ("Kendrick Decl."), ¶ 4. Consequently, Plaintiff was at all relevant times, and still is, a citizen of California.

13. A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

14. Defendant is a Delaware Corporation. Declaration of Justin A. Relihan ("Relihan Decl."), ¶ 3. Defendant's headquarters and principal place of business is 8050 W. Florissant Avenue, St. Louis, Missouri. Relihan Decl., ¶ 4. The state of Missouri is where all of TRU's

4

Defendant Nidec Motor Corporation's Notice of Removal of Civil Action                 *Gurtha Pounds, et al. v. Nidec Motor Coporation, et al.*
                                                                                       Case No. _____

primary executive, administrative, financial, and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities. *Id.* at ¶ 5; *The Hertz Corporation v. Friend*, 130 S. Ct. 1181, 1192 (2010). Applying the "nerve center" test, Missouri is thus the state where Defendant's primary executive, administrative, financial, and management functions are conducted and where the high level officers direct, control, and coordinate the corporation's activities—i.e., the principal place of business of Defendant. Defendant is therefore a citizen of Delaware and Missouri.

15. The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

16. Therefore, the diversity of citizenship requirement of under CAFA is satisfied in that Plaintiff is a California citizen and Defendant is a dual citizen of Delaware and Missouri.

## AMOUNT IN CONTROVERSY

17. CAFA, 28 U.S.C. section 1332(d), authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000. The U.S. Supreme Court, in *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 554 (2014), held that where a plaintiff's complaint is silent as to whether the amount in controversy is less than CAFA's jurisdictional threshold of $5,000,000 "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."

18. Where the plaintiff's complaint is silent to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996). That is, a plaintiff's failure to specify in the complaint the total amount of damages she seeks does not deprive this Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (a defendant may remove a suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any

plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.").

19. Here, Plaintiff makes no allegation as to the total amount in controversy for her claims. *See* van der Heide Decl., **Exhibits A** and **D**.

20. Accordingly, Defendant hereby alleges that, based on the claims in the complaint, the number of putative class members and the damages alleged by Plaintiff, it is clear that the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

21. In determining whether the amount in controversy, the Court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840, n.1 (9th Cir. 2002), *citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

22. Without admitting that Plaintiff could recover any damages or penalties, Defendant, in fact, can plausibly allege that the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs.

23. Plaintiff brings her Complaint on behalf of all current and former California "non-exempt, hourly employees…[employed] at any time during the period beginning four years prior to the filling [sic] of this action" ("putative class members"). van der Heide Decl., **Exhibit A**, ¶ 15; **Exhibit D**, ¶ 12. In her first cause of action Plaintiff alleges that "Defendants illegally round and arbitrarily deduct **several minutes** … of [putative class member's] **daily time worked**." *Id.*, **Exhibit A**, ¶ 34; **Exhibit D**, ¶ 31 (emphasis added). Based on Defendant's payroll records, there are approximately 233 putative class members who worked approximately 27,586 workweeks. Kendrick Decl., ¶ 5. The average hourly rate of pay for these non-exempt, hourly employees is

approximately $19.39. *Id.* Based on the common understanding that "several minutes" is more than 2 and at least 3 minutes, the rounding claim seeks approximately $133,723 in wages.[1] Additionally Plaintiff seeks "liquidated damages in amounts equal to the amounts of [alleged] unpaid wages." van der Heide Decl., **Exhibit A**, ¶ 37; **Exhibit D**, ¶ 34. Thus, assuming that Plaintiff will prevail and based on her allegations, the first cause of action puts into controversy $267,446.

24.    Plaintiff's second cause of action alleges: "During the relevant time period, Defendants failed to provide Plaintiff with **all** required meal periods in accordance with California Labor Code § 512 and the Wage Order." van der Heide Decl., **Exhibit A**, ¶ 44; **Exhibit D**, ¶ 41 (emphasis added). Her claim is "based on Defendants' alleged failures to (1) provide all meal periods." *Id.*, **Exhibit A**, ¶ 2; **Exhibit D**, ¶ 2. Plaintiff also alleges that her "claims are typical of the other Class Members' claims." *Id.*, **Exhibit A**, ¶ 19; **Exhibit D**, ¶ 16. Again, putative class members worked approximately 27,586 workweeks and their average hourly rate of pay is approximately $19.39. Kendrick Decl., ¶ 5. Plaintiff claims the premium wages of one additional hour of pay for each workday the meal period is not provided. van der Heide Decl., **Exhibit A**, ¶¶ 45-47; **Exhibit D**, ¶¶ 42-44; Cal. Lab. Code §226.7. Assuming that Plaintiff will prevail and based on her allegations, the second cause of action puts into controversy approximately $2,674,462.[2]

25.    Plaintiff's third cause of action alleges that Defendant failed "to provide Plaintiff and the class with accurate wage statements." van der Heide Decl., **Exhibit A**, ¶ 55; **Exhibit D**, ¶ 52. Under California Labor Code section 226, the penalties for failure to provide accurate wage statements is $50 for the initial pay period and $100 for each subsequent pay period up to a maximum of $4,000 per employee. *Id.*, **Exhibit A**, ¶ 57; **Exhibit D**, ¶ 54; Cal. Lab. Code § 226(e). The liability period for claims seeking penalties is one year. Cal. Civ. Proc. § 340(a). Plaintiff's Complaint was filed on September 13, 2017. *See* van der Heide Decl., **Exhibit A**. There are 177 putative class members who were employed during the period of September 13,

---

[1] ((27,586 workweeks * 5 workdays/week * 3 mins per day) / 60 mins/hr) * $19.39 /hr = $133,723.14
[2] 27,586 workweeks * 5 workdays/week * $19.39 /hr = $2,674,462.70.

2016 to present who worked approximately 8,625 workweeks. Kendrick Decl., ¶ 6. The third cause of action puts into controversy approximately $422,350.[3]

26. Plaintiff's fifth cause of action seeks penalties under the California Private Attorney General Act ("PAGA") in part for failure to pay wages as alleged in her first cause of action. van der Heide Decl., **Exhibit A**, ¶ 66; **Exhibit D**, ¶ 63. Plaintiff seeks penalties of $100 for the initial pay period and $200 for each subsequent pay period. *Id*., **Exhibit A**, ¶ 69(E) ; **Exhibit D**, ¶ 66(F). Plaintiff alleges that she filed the required notice with the Labor and Workforce Development Agency on June 27, 2017. *Id*., **Exhibit A**, ¶ 70; **Exhibit D**, ¶ 67. The liability period for claims seeking penalties is one year. Cal. Civ. Proc. § 340(a). There are 185 putative class members who were employed during the period of June 27, 2016 to present who worked approximately 10,287 workweeks. Kendrick Decl., ¶ 7. Thus, the fifth cause of action puts into controversy approximately $1,010,100.[4]

27. Plaintiff also seeks statutorily authorized attorneys' fees. van der Heide Decl., **Exhibit A**, ¶¶ 37, 57, 63, 71; **Exhibit D**, ¶¶ 37, 57, 63, 71. Statutorily authorized attorneys' fees may be included in determining the amount in controversy for removal purposes. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees of 25% percent of damages has been approved in the Eastern District of California. *See Willis v. Xerox Bus. Servs., LLC,* 2013 U.S. Dist. LEXIS 163144 *27-28 (E.D. Cal. 2013). Here, 25% percent of the damages calculated above results in attorneys' fees of approximately $1,093,589.[5]

28. The total amount placed in controversy by Plaintiff's Complaint as discussed above, which does not include all claims and remedies pled, is approximately $5,457,947, which satisfies the jurisdictional minimum amount required under CAFA.[6] The above

///

///

///

---

[3] 8,625 workweeks / 2 = 4312.5 pay periods. ($50 * 177) + ($100 * (4312-177)) = $422,350
[4] 10,287 workweeks / 2 = 5143.5 pay periods. ($100 * 185) + ($200 * (5143-185)) = $1,010,100.
[5] ($267,446 + $2,674,462 + $422,350 + $1,010,100) * .25 = $1,093,589.50
[6] $267,446 + $2,674,462 + $422,350 + $1,010,100 + $1,093,589 = $5,457,947

8

# NUMEROSITY

29. CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

30. Here, Plaintiff defines the putative class as "All persons employed by Defendants in California as non-exempt, hourly employees…at any time during the period beginning four years prior to the filling [sic] of this action and ending on the date that final judgment is entered in this action." van der Heide Decl., **Exhibit A**, ¶ 15; **Exhibit D**, ¶ 15. Based upon Defendant's records, the putative class includes approximately 233 non-exempt, hourly employees who were employed by Defendant in California between September 13, 2013 and the present. Kendrick Decl., ¶ 8. Thus, the numerosity requirement has been met.

# CONSENT IS NOT NECESSARY

31. Consent to removal by all defendants is not required under CAFA. 28 U.S.C. § 1453(b); *United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208-09 (9th Cir. 2008). Furthermore, the other named defendants in the Complaint have been dismissed. *See* van der Heide Decl., **Exhibit C** and **D.**

# VENUE IS PROPER

32. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Eastern District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Sacramento to this Court.

Dated: December 1, 2017     JACKSON LEWIS P.C.

By: */s/ Sander van der Heide*
    NICKY JATANA
    SANDER VAN DER HEIDE

Attorneys for Defendant
NIDEC MOTOR CORPORATION
d/b/a Motion Control Engineering

9

Defendant Nidec Motor Corporation's Notice of Removal of Civil Action     *Gurtha Pounds, et al. v. Nidec Motor Coporation, et al.* Case No. _____

# PROOF OF SERVICE

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On December 1, 2017, I served the within:

**DEFENDANT NIDEC MOTOR CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐ **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒ **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐ **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by GSO or delivering to an authorized courier or driver authorized by GSO to receive documents, addressed as set forth below.

☐ **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete. A copy of the transmission record is attached hereto.

☐ **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

**ATTORNEYS PLAINTIFF GURTHA POUNDS, on behalf of herself, and others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Action of 2004:**

| | |
|---|---|
| David Spivak, Esq.<br>Caroline Tahmassian, Esq.<br>THE SPIVAK LAW FIRM<br>16530 Ventura Boulevard, Suite 312<br>Encino, CA  91436<br>Telephone:    818.582.3086<br>Facsimile:     818.582.2561<br>Email: david@spivaklaw.com<br>           caroline@spivaklaw.com | Walter Haines, Esq.<br>UNITED EMPLOYEES LAW GROUP<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA  92649<br>Telephone:    888.474.7242<br>Facsimile:     562.256.1006<br>Email: walter@whaines.com |

///

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 1, 2017 at Sacramento, California.

                                      */s/ Tami J. Martinelli*
                                      Tami J. Martinelli